## SUPERFINE PRODUCTS, Inc., v. DENNY et al.

### C. A. No. 2700.

District Court, N. D. Georgia, Atlanta Division.

Dec. 17, 1943.

Harold Karp, of Atlanta, Ga., for plaintiff.

Albert Mayer, of Atlanta, Ga., for defendant.

RUSSELL, District Judge.

Superfine Products, Inc., seeks to enjoin the partnership of B. Earl Denny and Schaul Greinoman, a partnership trading as Hit Cola Company, from infringing copyrighted labels of plaintiff, and from using upon the defendant's products any labels, or doing any acts, which are calculated to cause defendant's products to be confused with or passed off as plaintiff's, and from manufacturing or offering for sale any product of similar color; from using for shipment or sale cartons, jugs or bottles which are identical or colorably similar to the distinctly marked cartons or containers of plaintiff and from doing any act that would represent the product of defendant as the product of plaintiff, and for general relief. The defendants answered the rule to show cause, a full hearing was had and it is stipulated that final decree may be entered herein without the necessity of an additional hearing.

The suit involves four labels for soft drink cola syrups. The defense asserted is that the labels in question, though regis-

tered in the copyright office, were not legally subject to copyright, and, further, that the portion of the labels which had been appropriated by the defendants had prior to registration, been dedicated to the public by their being printed and used in the general conduct of manufacture, sales and shipment of the complainant for several months prior to registration.

### Findings of Fact.

Label copyright Class KK No. 19007; date published stated in certificate March 1, 1943. Copies received May 14, 1943.

The label copyrighted is an attractive lithographed label in colors and distinctive lettering and display. In the form and appearance as registered it was not used prior to registry. However the statements of the components of the syrup, the method of dispensing and warning against substitution are for all practical purposes identical with similar labels first printed and used without the copyright at least as early as November 18, 1942. Save in the respects mentioned the Hit Cola fountain syrup label bears no resemblance to the copyrighted label, and as to the derivative content, directions for dispensing and warning against substitution, the defendant's fountain syrup label contains identical language except for substitution of " 'Hit Cola' " instead of " 'De Lux Cola.' " However the appearance of the label is not at all similar and could not be mistaken for the "De Lux" label used by Superfine Products, Inc.

Label copyright Class KK No. 19975; date of publication stated in certificate July 9, 1943. Copies received July 12, 1943.

It appears from the evidence that this label for pint and gallon containers was printed and used in the labeling and marketing of complainant's product at least as early as December 18, 1943, but in a different color and type from that copyrighted. The "working formula" or directions for using the concentrate to make fountain syrup is identical on both the non-copyrighted and copyrighted label, as is also the statement of contents and directions for dispensing. In respect to wording of contents, "working formula" and method of dispensing, the label used by Hit Cola is also identical in words with the De Lux Cola label. The appearance of its labels is not similar, they being in different color, having a different border,

and also being distinguished by the name of the product and the manufacturer.

Label copyright Class No. KK 18917; date of publication given on certificate March 1, 1943. Copy received May 7, 1943.

It appears from the evidence that so far as the statement of contents and its derivatives, the "working formula," and directions for dispensing, the language and substantial appearance of the copyrighted label had been employed in a label printed December 18, 1942 and used by complainant in its manufacture, sales and shipment, without registration and prior to its application for copyright. As to such wording the Hit Cola fountain concentrate label is identical with the copyrighted label. The appearance is not at all similar. The De Lux fountain concentrate label is an attractive multi-colored lithographed one and the Hit Cola label is in single color and does not at all simulate the complainant's copyrighted label.

Label copyright Class KK No. 20325. Date of publication August 6, 1943. Copies received August 12, 1943.

Here again the statement of derivatives, formula, and directions for bottling contained in the copyrighted label is identical with wording of a label published at least as early as April 28, 1943 and thereafter used in the manufacture, sale and shipment of complainant's product, except for the directions of gallons of water to be used in the mixture, which is 7½ gallons in the published non-copyrighted label and 8 in the copyrighted label. Defendant's label contains a statement of derivatives, content formula and directions for bottling identical with the complainant's copyrighted label. The defendant's label is not similar in appearance to complainant's, the copyrighted label being printed in black with "Superfine" in script and defendants' being in green ink, designated "Bottlers Number 16" in a printed type, and the border and label having a design dissimilar to complainant's.

Each of the defendant's labels were printed prior to June 30, 1943. The name of defendant's products and the statement that it was manufactured by "Hit Cola Company" with the address is prominently displayed upon each of the defendant's labels so as to give no cause for confusion between its product and the product of the complainant.

The containers and cartons used by the complainant, and likewise by the defendants, have no distinctive characteristic and are of well-established use in the soft drink syrup trade. Caramel is the usual coloring agent employed and all cola soft drink syrups have a substantial identical appearance. It is customary in the soft drink business of the nature here involved for the manufacturer or seller to furnish directions for preparing and dispensing syrup and drinks from the concentrate and syrups sold.

Defendant, B. Earl Denny, has been employed in the soft drink syrup business for many years, while the president and chief officer of the complainant first became engaged in the soft drink business in May of 1942. Denny and such president collaborated in preparing the formulas and directions set forth on the various labels.

Complainant fails to show that the defendant has attempted to sell its products as the product of complainant. On the contrary the only evidence in the record shows that defendant contended that its product was not only different from, but superior to, the complainant's product. Except for the similarity in words in the statement of derivative content, color and method of use, nothing is shown to authorize a finding that the labels of defendants are so similar to complainant's as to lead to confusion on the part of the buying public, and the identity of wording standing alone is not sufficient to raise such confusion.

### Conclusions of Law.

In view of the evidence in this case it is found unnecessary to determine whether the labels of the complainant are of such character as to be entitled to the protection of the copyright laws. This for the reason that regardless of what may or may not be entitled to copyright, it is clearly established by the evidence in this case that so far as the wording of the labels alleged to be copied, this had been in public use by the complainant for several months prior to the application for copyright and without notice of any application. In other words, compliance with the terms of the copyright law was not attempted in case of any label until after a substantially identical label so far as word content is concerned had been in use for several months. While the appearance of the labels as copyrighted was not the same as the non-copyrighted label theretofore used, the copyrighted label did appropriate from the non-copyrighted label the words used by the defendants of which complaint is made. Defendants did not copy the design of the label but only the theretofore used words. Furthermore, the equity insisted upon by the complainant arising out of the fact that Denny was employed by the complainant at the time of the preparation of some of the original labels, does not weigh heavily in complainant's favor in view of the fact that as a result of his prior experience Denny was familiar with the soft drink business and the preparation of "formulas" and directions for use, whereas the president of complainant was new and unlearned in the business.

██ The publication and use for several months prior to the application for copyright and without notice thereof, of labels containing the similar text as those labels for which copyright was afterwards secured, was a dedication to the public and prevents the maintenance of this action for infringement predicated upon the use only of such text by the defendants. Sieff v. Continental Auto Supply Company, D.C., 39 F.Supp. 683, and citations therein contained. Futhermore, as to No. KK 20325 and KK No. 19975, the date of publication stated in the application for copyright registration are both subsequent to the date of printing of defendant's labels.

██ Considering the case as a whole the complainant presents no adequate ground for a charge of unfair competition.

The complainant is not entitled to the relief sought, and the complaint should be dismissed at its costs. Proper decree in accordance with the findings and conclusions of law herein set forth may be presented after notice.